IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



ELIZABETH HENRY                                                                PLAINTIFF

VERSUS                            CIVIL ACTION NO. 3:17cv88CWR-LRA

THE BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING
OF THE STATE OF MISSISSIPPI;
UNIVERSITY OF MISSISSIPPI MEDICAL CENTER;
SHARRON POOLE, in Her Individual Capacity,
For State Law Violations; and BARBARA SMITH,
In Her Individual Capacity for State Law Violations                    DEFENDANTS

JURY TRIAL DEMANDED

**COMPLAINT**

This is an action to recover actual and punitive damages for race discrimination. Supplemental state law claims are made against the individual Defendants for the Mississippi law tort of intentional interference with employment. The following facts support the action:

1.

Plaintiff ELIZABETH HENRY is an adult white resident citizen of 7225 Highway 481 North, Morton, Mississippi.

2.

Defendant THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING OF THE STATE OF MISSISSIPPI (hereinafter "Defendant IHL") is a state agency. Defendant IHL may be served with process upon the Attorney General, Jim Hood, at Carroll Gartin

Justice Building, 450 High Street, Jackson, Mississippi 39201, upon the Board's Commissioner, Dr. Hank M. Bounds, at 3825 Ridgewood Road, Jackson, Mississippi 39211.

Defendant UNIVERSITY OF MISSISSIPPI MEDICAL CENTER (hereinafter "Defendant UMMC") is a university organized and existing under and by virtue of the laws of the State of Mississippi. Defendant UMMC is added as a defendant and all federal allegations made in this Complaint are intended to be made against both Defendant UMMC and Defendant IHL. Defendant UMMC may be served with process by service upon its Chancellor, Jeffrey S. Vitter, Ph.D., 2500 North State Street, Jackson, Mississippi 39216.

Defendant SHARRON POOLE (hereinafter "Defendant Poole") is an adult resident citizen of Madison, Mississippi. Defendant Poole may be served with process by service upon her at 103 Plantation Drive, Madison, Mississippi 39110. The state law claim for intentional interference with employment is alleged against Defendant Poole, in her individual capacity.

Defendant BARBARA SMITH (hereinafter "Defendant Smith") is an adult resident citizen of the State of Mississippi. Defendant Smith may be served with process by service upon her at the University of Mississippi Medical Center, 2500 North State Street, Jackson, Mississippi 39216. The state law claim for intentional interference with employment is alleged against Defendant Smith, in her individual capacity.

3.

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000, *et. seq*. The Court has supplemental jurisdiction over Plaintiff's state law claims.

4.

Plaintiff has filed the EEOC charge attached hereto as Exhibit "A," and has received the right-to-sue letter, attached hereto as Exhibit "B." Plaintiff has also filed the Notice of Claim, attached hereto as Exhibit "C," and the requisite waiting period required by state law for the filing of this suit has expired.

5.

At all relevant times, Plaintiff was a registered nurse, having been employed by UMMC for twenty-one (21) years. Plaintiff was highly regarded among the surgeons for whom she worked, and particularly by her department chairman, Dr. Louis Harkey.

6.

At all relevant times, the individual Defendant Poole was employed as the Director of the Business Office of the Department of Neurosurgery.

7.

Defendant Poole entertained animosity toward Plaintiff because she was jealous of Plaintiff and jealous of the salaries made by nurses in general. Defendant Poole also entertained animosity against Plaintiff because Defendant Poole had been corrected by the Department of Neurosurgery Chairman, Dr. Louis Harkey, because she had allowed a co-employee access to Plaintiff's computer.

8.

Because of the personal animosity held by Defendant Poole toward Plaintiff, in May 2015, Defendant Poole carried Plaintiff to the Compliance Office. False charges were made that Plaintiff had improperly gained access to patient records. The patient records to which the charges referred

were records which Plaintiff had properly accessed, with the permission of the patients, who were family members, with the exception of one patient, a co-worker.

9.

Months later, in February 2016, without Plaintiff having heard anything further about the false charges made in May 2015, Defendant Poole once again carried Plaintiff to the Human Resources ("HR") Department, headed by Defendant Barbara Smith.

10.

Defendant Smith is a black person, who has a reputation for being racist.

11.

At the HR office, Defendant Smith renewed her baseless charges of inappropriate access to patient records and Smith then accused Plaintiff of improperly accessing her own daughter's records and her own sister's records. Neither of these complaints had previously been mentioned by Defendant Poole or the compliance officers.

12.

During the conversation, Plaintiff asked to verify her daughter's identity by getting her birth date. Defendant Smith responded that Plaintiff had "no rights in this office." Plaintiff stated that she needed to get an attorney. At that time, Defendant Smith, without any basis for believing Plaintiff had committed any offense, threatened that, "well, if you're going to hire an attorney, I will just terminate you now."

13.

At this time, Defendant Poole directed Plaintiff to resign instead of being terminated. Upon this pressure being asserted upon Plaintiff, she signed a preprinted letter of resignation, writing "compliance violation" at the direction of Defendant Poole.

14.

Plaintiff's resignation was not voluntary, but was a forced resignation made under duress. It was a constructive discharge. Plaintiff had no choice but to resign, to avoid termination.

15.

Plaintiff was terminated because:

A.   The racial animosity toward Plaintiff held by Defendant Smith;

B.   Intentional interference in Plaintiff's employment by Defendant Smith; and

C.   Intentional interference in Plaintiff's employment by Defendant Poole.

16.

Under the applicable state policies, Plaintiff could only be discharged for "cause," and there was no cause for her discharge. Defendants intentionally interfered with Plaintiff's employment, and specifically, with her right to be discharged only for cause.

17.

Defendants are liable to Plaintiff as follows:

A.   Defendants IHL and UMMC are liable to Plaintiff for race discrimination in violation of 42 U.S.C.A. § 2000, *et. seq.*;

B.   The individual Defendant Barbara Smith is liable to Plaintiff for malicious intentional interference with employment; and

C.   The individual Defendant Sharron Poole is liable to Plaintiff for intentional interference with employment.

18.

Plaintiff has suffered lost income, lost health and life insurance, lost retirement benefits and and mental anxiety and stress as a result of Defendants' unlawful actions.

19.

The actions of Defendants are outrageous, such that punitive damages are due.

### REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 7th day of February, 2017.

ELIZABETH HENRY, Plaintiff

By: _____
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS  38804-3955
Post Office Box 1357
Tupelo, MS  38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF